UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESMERALDA CASTANON and JOHN DURON, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WINCO HOLDINGS, INC., an Idaho Corporation, doing business as WINCO FOODS; and DOES 1-10, inclusive,<br><br>Defendants. | No. 2:20-cv-01656-MCE-EFB<br><br>**MEMORANDUM AND ORDER** |

Through the present class action proceeding, Plaintiff Esmeralda Castanon ("Plaintiff")[1] challenges various wage and hour practices utilized by her employer, Defendant Winco Holdings, Inc., doing business as Winco Foods ("Defendant" or "Winco") both on her own behalf and on behalf of others similarly situated. According to Plaintiff, Winco has failed 1) to pay its employees all wages owed, including overtime; 2) to provide legally compliant meal and rest periods; and 3) to pay all wages due upon separation. Plaintiff further alleges that wage statements provided by Winco have been legally non-compliant.

---

[1] While John Duron was initially named as a Plaintiff along with Ms. Castanon, Duron was dismissed from this action by Stipulation and Order filed July 16, 2021 (ECF No. 21).

1

Winco now moves to dismiss Plaintiff's operative pleading, the First Amended Complaint ("FAC"), on grounds that because the allegations contained therein are generic and lack any specificity, they fail to state any legally cognizable claim under Federal Rule of Civil Procedure Rule 12(b)(6).[2]  In addition, Winco moves to strike, in accordance with Rule 12(f), the FAC's class action allegations as formulaic and conclusory

As set forth below, Winco's Motion is GRANTED in part and DENIED as moot in part.[3]

## BACKGROUND[4]

Winco operates at multiple locations in California as a retailer providing supermarket products to consumers.  Plaintiff was employed as a non-exempt customer service employee between 2001 and 2019 (her title was Loss Prevention Agent) at Winco's location in Chico, California.

Plaintiff alleges that she, as well as some 16,000 other non-exempt Winco employees working in California, were required to check in and out of their shifts by using an electronic time clock.  Plaintiff alleges that the time clocks "improperly rounded Plaintiff and the Class Members' time such that it resulted in a lower pay over time", without providing any further detail except that the practice caused her "to be underpaid as many as 11 minutes in in a week and 4 minutes a week on average" between May 4, 2019 and July 6, 2019.  FAC, ¶ 24.  Plaintiff further alleges that improper rounding caused her to be unpaid for overtime.  In addition, Plaintiff more generally alleges that

---

[2] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

[3] Having determined that oral argument will not be of material assistance, the Court ordered this Motion submitted on the briefs in accordance with E.D. Local Rule 230(g).

[4] The allegations in this section are drawn, at times verbatim, from the allegations of Plaintiff's FAC, ECF No. 7.

2

she and others frequently worked more than eight hours a day and 40 hours a week, but were not paid for the resulting overtime, and similarly often worked more than 12 hours a day but were not compensated for double time.

Plaintiff goes on to claim that she and others were also not provided lawful meal and rest breaks and were not compensated for breaks that were missed. While she provides dates and times for when those failures allegedly took place for her, she provides no further explanation of the circumstances and no detail as to whether practices of Winco's caused other employees to also miss legally required breaks.

Additionally, with regard to wage statements provided by Winco, Plaintiff alleges that those statements failed to reflect the omissions described above and further failed to properly record accrued sick leave balances and other required data. Again, there is no information as to how, and under what circumstances, such practices affected other employees. Finally, Plaintiff alleges that Winco failed to accurately compensate employees for all wages owed either at the time of termination, or within 72 hours for resignations without prior notice. No facts of any kind, whether applicable to Plaintiff herself or to other class members, attach to that claim.

**STANDARD**

**A.  Motion to Dismiss under Rule 12(b)(6)**

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require

3

detailed factual allegations.  However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations and quotations omitted).  A court is not required to accept as true a "legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).  "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")).

Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief." Twombly, 550 U.S. at 555 n.3 (internal citations and quotations omitted).  Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing Wright & Miller, supra, at 94, 95).  A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570.  If the "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id.  However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend.  Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend).  Not all of these factors

4

merit equal weight.  Rather, "the consideration of prejudice to the opposing party . . . carries the greatest weight."  Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)).  Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment."  Intri-Plex Techs. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

### B.  Motion to Strike under Rule 12(f)

The Court may strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial...."  Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983).  Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded.  Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other *grounds* 510 U.S. 517 (1994) (internal citations and quotations omitted).  Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question.  Id.

## ANALYSIS

### A.  First Cause of Action for Failure to Pay Wages, Including Overtime

As set forth above, Plaintiff generically alleges that Winco failed to pay overtime and double time wages as authorized by law, and somehow used the time clocks which tracked non-exempt employee's hours to "improperly round" time in a manner that impermissibly deprived employees of their entitlement to properly calculated wages. Plaintiff offers no explanation as to how any rounding employed would not have been

employed in a neutral fashion so as favor Winco over the interests of its employees. In addition, aside from alleging she worked in excess of 40 hours between May 4, 2019, and July 6, 2019, Plaintiff says nothing about how often she worked overtime, the number of hours involved, or the overtime wages she believes she is owed.

In Landers v. Quality Commc'ns, Inc., 771 F.3d 638 (9th Cir. 2014), the Ninth Circuit made clear that minimum pleading requirements require "detail regarding a given workweek," including the length of the average week, the amount of overtime wages believed to be owed, and other facts "that will permit the court to find plausibility." Id. at 645, 646. Plaintiff's factual allegations as they currently stand are plainly insufficient under Landers. The required detail is simply not provided. Additionally, Plaintiff provides no further explication on how the time clock rounding she identifies is improper and/or unfair. Unless such practices are not neutral and necessarily benefit the employer at the expense of its employees, they are permissible. See Corbin v. Time Warner Entertainment-Advance/Newhouse Partnership, 821 F.3d 1069, 1075. 1076 (9th Cir. 2016) ("For more than fifty years, a federal regulation has endorsed the use of 'Rounding' practices" and that regulation "also applies to California state labor claims" as long as the policy is neutral); David v. Queen of the Valley Medical Center, 51 Cal. App. 5th 653, 664 (affirming summary judgment in favor of employer where rounding policy was neutral on its face).

Plaintiff's First Cause of Action therefore fails to meet minimum pleading requirements and is DISMISSED.

**B.  Second and Third Causes of Action for Meal and Rest Period Violations**

Plaintiff claims, in her Second and Third Causes of Action, that class members were "regularly required to work shifts in excess of five hours without being provided a lawful meal period and over ten-hour days without being provided a second lawful meal period as required by law" (FAC, ¶ 30), and further alleges they "were systematically not authorized to take one net ten-minute paid, rest period for every four hours worked" as also legally mandated (id. at ¶ 39). Plaintiff further alleges, on information and belief,

that class members were impeded and/or discouraged from leaving the store for meal and/or rest breaks." Id. at ¶ 31.

Like the first cause of action, these conclusory allegations are devoid of supporting factual allegations. All Plaintiff alleges is that on three days in mid-2019 she was not provided any meal period, and that on twelve additional days she was not provided a full, uninterrupted meal break. Id. There are no details as to the circumstances involved, or indeed whether or not Winco was even responsible for any failure to provide meal breaks. In addition, no particularized facts at all are offered to support the rest break allegations. When faced with similar assertions that the plaintiff, due to a "heavy work load," was not provided meal and rest periods "within the legally required time" and was not permitted to leave her work area without permission, the court in Ovieda v. Sodex Operations, LLC, No. CV 12-1750-GHK (SSx), 2012 WL 1627237 (C.D. Cal. May 7, 2012), described the allegations as "bare-bones" and "devoid of sufficient factual enhancement to allow . . . a reasonable inference" of liability." Id. at *3. To pass pleading muster, the Ovieda court reasoned that the complaint should have included details concerning the plaintiff's shift schedules, what specific policies and practices were used to manage her, and whether such policies and practices were company-wide. Id. The FAC here contains no such details and therefore neither the Second nor Third Cause of Action states a viable claim.

**C.  Fourth Cause of Action for Failure to Timely Pay Wages Owed Upon Separation**

Plaintiff's Fourth Cause of Action purports to be based upon the requirements of California Labor Code §§ 201 and 202, which provide that wages must be paid within a certain time following an employee's separation from service. The two sections, however, involve difference circumstances:  Section 201 requires that in the event an employee is discharged by his or her employer, the wages earned and unpaid at the time of discharge are due and payable immediately. Section 202, on the other hand, gives the employer 72 hours to do so if it is the employee who quits.

7

The FAC contains absolutely no facts about just how Plaintiff separated from employment, indicating only that her last day at work was July 15, 2019.  FAC, ¶ 19. Consequently, the Court cannot determine on what basis Plaintiff seeks to hold Winco liable, let alone ascertain what final wages may have been owed and not paid.  As such, the Fourth Cause of Action also fails as currently pled.

### D.  Fifth Cause of Action for Failure to Comply with Itemized Wage Statements

In her Fifth Cause of Action, Plaintiff alleges that Winco has failed to comply with the items required to be included in her wage statement under California law, including time records, meal periods, split shift intervals, and total daily hours worked.  She fails to identify, however, even a single deficient wage statement.  As such, the Fifth Cause of Action lacks the factual specificity to state a viable claim.  Moreover, to the extent that Plaintiff's claim is derivative of the unpaid wages/overtime and non-compliant meal and rest periods already discussed above (in arguing that omitting those items made the wage statements invalid), the Fifth Cause of Action fails for that reason as well.

### E.  Sixth Cause of Action for Unfair Business Practices

Plaintiff's Unfair Business Practices claim under California Business and Professions Code § 17200, et seq., as set forth in the Sixth Cause of Action, is explicitly predicated upon the validity of Plaintiff's other state law claims.  As a derivative claim, it rises and falls on the viability of those claims which the court has already rejected.  See, e.g., Lefevre v. Pac. Bell Directory, No. 14-cv-03803-WHO, 2014 WL 5810530 at *4 (N.D. Cal. Nov. 17, 2014) (dismissing derivative § 17200 cause of action because underlying wage/hour claims failed to satisfy minimum pleading requirements).  The Court therefore also dismisses the Sixth Cause of Action.

////
////
////
////

### F. Class Action Allegations

In addition to moving to dismiss Plaintiff's substantive claims as discussed above, Winco also moves to strike her class allegations as "formulaic and conclusory" in stating only that the requirements for class certification have been satisfied, with no real factual basis for such an assertion. While conceding that courts generally refrain from ruling on the issue of class certification at the pleadings stage, Winco still claims that Plaintiff has not pled enough facts to show any entitlement to relief on a class-wide basis.

Given the fact that the Court has dismissed all six of Plaintiff's Causes of Action for failing to state a viable claim under Rule 12(b)(6), Winco's additional motion to strike the class action allegations is moot since the claims for which class action treatment was sought are not viable at this time. The weight of authority nonetheless supports the proposition that class action allegations should not be tested at the pleadings stage, and instead should be addressed only after one party has filed a motion for class certification, unless it is clear from the complaint that no class claims can be maintained See, e.g., Brown v. Hain Celestial Group, Inc., 913 F. Supp. 2d 881, 887 (N.D. Cal. 2012). Here, having dismissed Plaintiff's substantive allegations (albeit with leave to amend as provided below), the complaint is far too unsettled to make that determination. Additionally, while Winco cites several unpublished decisions that have dismissed class action allegations at the pleadings stage, such action is still rare in advance of a class certification motion. See Cholakyan v. Mercedes-Benz USA, LLC, 796 F. Supp. 2d 1220, 1245-46 (C.D. Cal. 2000).

## CONCLUSION

For all the foregoing reasons, Defendant's Motion to Dismiss (ECF No. 6) is GRANTED with leave to amend. Having dismissed all causes of action contained in Plaintiff's Complaint as insufficient to state any viable claim at this time, Winco's concurrent request to strike the class action allegations attaching to those causes of

action is DENIED as moot.  Plaintiff may, but is not required to, file an amended pleading not later than twenty (20) days after the date this Memorandum and Order is electronically filed.  Failure to timely do so will result in this action being dismissed, in its entirety, without further notice to the parties.

IT IS SO ORDERED.

Dated:  September 30, 2021

MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE